UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00011-GNS-HBB

JOHN WILSON, et al.                                                                        PLAINTIFFS

v.

RICHARD L. RAY, et al.                                         DEFENDANTS/THIRD-PARTY PLAINTIFFS

v.

HILL'S PET NUTRITION, INC.                                                THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendant's Motion for Summary Judgment (DN 55). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.     STATEMENT OF FACTS

On February 1, 2017, Plaintiff John Wilson ("Wilson") was involved in a motor vehicle accident in Warren County, Kentucky, while working as an employee of Third-Party Defendant Hill's Pet Nutrition, Inc. ("Hill's"). (Compl. 1-2, DN 1; Mendez Aff. ¶¶ 2-3, DN 65-1). Wilson has filed a workers' compensation claim and received benefits for his claim arising from that accident. (Mendez Aff. ¶¶ 5-6).

Wilson and his wife subsequently filed this lawsuit against Defendants/Third-Party Plaintiffs Richard L. Ray, K & R Company, Ronald E. Burhans, and Kristina Ray (collectively "Third-Party Plaintiffs") to recover for injuries from that accident. (Compl. 2-3). After Third-Party Plaintiffs filed the Third-Party Complaint asserting claims against Hill's, Hill's has moved

1

for summary judgment on those claims. (Third-Party Compl, DN 12; Third-Party Def.'s Mot. Summ. J., 55).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of

the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

In its motion, Hill's seeks dismissal of the claims asserted against it in the Third-Party Complaint. (Third-Party Def.'s Mem. Supp. Mot. Summ. J. 1-3). In particular, Third-Party Plaintiffs have asserted claims of "indemnity, contribution, offset, and apportionment" against Hill's. (Third-Party Pls.' Compl. ¶ 13). The Court will address each of these claims.

### A. Indemnity

"A claim for indemnity is 'one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'" *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005) (quoting *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 781-82 (Ky. 2000)). Thus, Kentucky law recognizes common law indemnity despite the adoption of comparative fault. *See id.*

An employer's potential liability, however, is limited by the Kentucky Workers' Compensation Act ("KWCA"), which provides in relevant part:

> The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee . . . caused by a breach of any duty . . . owed by such employer . . . shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.

KRS 342.690(1). Absent any allegation of contractual indemnity, any potential claim against Hill's is limited by KRS 342.690(1) to the amount of workers' compensation benefits already paid by Hill's. *See Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009). Thus, Third-Party Plaintiffs have no indemnity claim against Hill's, and this claim will be dismissed.

3

B. **Apportionment**

Third-Party Plaintiffs also seek to assert a claim of apportionment against Hill's, and Hill's moves for dismissal of this claim. "Under Kentucky law, apportionment may no longer be raised as a substantive cause of action." *ISP Chems. LLC v. Dutchland, Inc.*, 771 F. Supp. 2d 747, 752 (W.D. Ky. 2011) (citations omitted).

Nevertheless, at trial the jury will be instructed to apportion liability between the parties under Kentucky's comparative fault principles. *See Franke* 398 F. Supp. 2d at 840; *see also Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990) (holding that apportionment of liability by jury between employer and third party permissible in workers' compensation scenarios) (overruling *Burrell v. Elec. Plant Bd. of Franklin*, 676 S.W.2d 231 (Ky. 1984)). Assuming the jury believes Third-Party Plaintiffs' contentions that Hill's was negligent, the jury may apportion a percentage of fault to Hill's, withholding that amount from Third-Party Plaintiffs' liability leaving those parties accountable only for their own negligence. *See Franke*, 398 F. Supp. 2d at 840. *See also Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 253 (Ky. 1995), *overruled on other grounds by Martin v. Ohio Cty. Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009). On this basis, Third-Party Plaintiffs' indemnity claim is futile and will be dismissed.

C. **Contribution**

Similarly, Hill's is entitled to summary judgment on Third-Party Plaintiffs' claim for contribution. As discussed above, the Court will instruct the jury at trial to apportion liability among all parties including Hill's. Because of this apportionment, there is no claim for contribution because no defendant could be held liable for Plaintiffs' injuries beyond its own respective fault. *See Ohio River Pipeline Corp. v. Landrum*, 580 S.W.2d 713, 719-20 (Ky. App. 1979) ("Under the doctrine of contribution, the liability of each joint tort-feasor is equal and is

not apportioned on the basis of causation. If the trier of fact chooses to apportion its award among the joint tort-feasors, the question of contribution becomes moot. Each joint tort-feasor is no longer liable for the entire judgment. Under KRS 454.040, each tort-feasor is liable only for the amount apportioned against it by the trier of fact." (internal citations omitted) (citation omitted)); *see also Dix*, 799 S.W.2d at 29-30 (discussing *Landrum* and dismissing the claim for contribution in claims for an injury covered by workers' compensation insurance). Accordingly, the Court will grant summary judgment for Hill's on the claim for contribution.

### D. Offset

Finally, Third-Party Plaintiffs have asserted a claim of offset against Hill's. Hill's seeks summary judgment on that claim, and Third-Party Plaintiffs did not address this claim in their response.

Like Third-Party Plaintiffs' other claims, the claim of offset is not viable because liability will be apportioned among the various parties to this action. *See Franke*, 398 F. Supp. 2d at 840. Accordingly, the Court will dismiss this claim.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Third-Party Defendant's Motion for Summary Judgment (DN 55) is **GRANTED**, and all claims asserted in the Third-Party Complaint (DN 12) are **DISMISSED WITH PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

April 17, 2019

cc: counsel of record